Staci Burk
2487 S. Gilbert Rd. #106-609
Gilbert, Arizona 85295
(480) 343-4518
stacigriffinburk@yahoo.com
ProPer

FILED ___ LODGED
___ RECEIVED ___ COPY

FEB 1 5 2023

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

## DISTRICT COURT OF ARIZONA

## UNITED STATES DISTRICT COURT

THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING TO FEDERAL AND/OR LOCAL RULES AND PRACTICES AND IS SUBJECT TO REJECTION BY THE COURT.

REFERENCE  LRCiv P 5.4
(Rule Number/Section)

| | |
|---|---|
| STACI BURK, | |
| Plaintiff, | CV22-01967PHX-DMF |
| vs. | MOTION TO EXTEND TIME FOR SERVICE |
| SENATOR KELLY TOWNSEND, A SINGLE WOMAN IN HER PERSONAL CAPACITY ACTING UNDER "COLOR OF LAW" AS A GOVERNMENT OFFICIAL, AND DOES I-X. | |
| Defendants. | |

**PLAINTIFF STACI BURK'S MOTION TO EXTEND TIME FOR SERVICE OF THE SUMMONS AND COMPLAINT AND MEMORANDUM IN SUPPORT THEREOF**

Pursuant to Federal Rule of Civil Procedure 4(m), Plaintiff Staci Burk hereby moves this Court for an Order extending the time for service of the summons and complaint on defendant

now former Senator Kelly Townsend, for an additional 90 days. Good cause for this extension exists, as demonstrated below and in the attached supporting declaration.

Rule 4(m) provides that a court "must extend the time for service for an appropriate period" where the plaintiff can show good cause for its inability to serve a defendant within 90 days. Good cause exists when an outside factor, such as the defendant's evasion, prevents service, rather than negligence or inadvertence by the plaintiff.

At a minimum, "good cause" means excusable neglect. A plaintiff may also be required to show the following: (a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed. *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir.1991). Allen v. Arpaio, No. CV-14-0378-PHX-SPL (JFM), 2015 U.S. Dist. LEXIS 107257, at *6 (D. Ariz. Aug. 7, 2015).

Notwithstanding Rule 4(m), where "good cause does not exist, the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service." *Petrucelli v. Bohringer and Ratzinger*, 46 F.3d 1298, 1305 (3rd Cir. 1995). "[I]f good cause is not established, the district court may extend time for service upon a showing of excusable neglect." *Lemoge v. U.S.*, 587 F.3d 1188, 1198 (9th Cir. 2009). Allen v. Arpaio, No. CV-14-0378-PHX-SPL (JFM), 2015 U.S. Dist. LEXIS 107257, at *6-7 (D. Ariz. Aug. 7, 2015).

Here, good cause exists because Plaintiff has made diligent attempts to locate and serve Defendant the 90-day service window, however, has encountered obstacles due to a change of address for Defendant since the action was filed. Plaintiff also experienced the emergency hospitalization of her child since this case was filed (Dec. ¶2), and a complicated personal medical condition (Dec. ¶3), which combining these factors have also prevented continuous efforts to locate and serve Defendant. Upon information and belief, Defendant is aware of the existence of this action due to a local watch group locating it on public record and posting it online, which Defendant then unfriended Plaintiff on social media. Defendant may be avoiding service as Plaintiff made an attempt of service at an address that is believed to be Defendant's address, and while the home appeared occupied with cars in the driveway, there was no answer at the door (Dec. ¶4).

Plaintiff is requesting a 90 day extension which would not prejudice the Defendant as upon reasonable belief she has read the Plaintiffs complaint that was posted and circulated online by an unrelated and unknown third party. A 90 day extension will allow confirmation of Defendants address, service, and accommodate Plaintiff's medical limitations hindering her consistent effort.

**II. AN EXTENSION IS ALSO WARRANTED BECAUSE THE STATUTE OF LIMITATIONS COULD BAR PLAINTIFF FROM REFILING THIS CASE OR OBTAINING AVAILABLE REMEDIES IN THE EVENT OF DISMISSAL.**

There is good cause to extend the service period in this case, but even if there were not, this Court has discretion to nevertheless extend the service deadline "'if the applicable statute of

limitations would bar'" refiling the action and relief to the plaintiff. *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005) (quoting Rule 4(m), Advisory Committee Note (1993 amendments)). Indeed, "it [is] incumbent upon the district court to at least consider" the running of the limitation period when considering a motion brought under Rule 4(m). *Lepone-Dempsey*, 476 F.3d at 1282.

Thus, an extension of the service period is further warranted in this case because a dismissal, even without prejudice, could result in the applicable statute of limitations barring the refiling of this case or limiting the Plainitff's available remedies. Good cause for an extension exists here, but even if it did not, this Court has the discretion to extend the period for service for lawsuits that would otherwise be potentially time-barred.

THEREFORE, Plaintiff respectfully requests this Court grant her motion to extend time for service of process for 90 days

Dated this 14th of February 2023.

_____
Staci Burk