**WILENCHIK & BARTNESS**
A PROFESSIONAL CORPORATION

ATTORNEYS AT LAW
The Wilenchik & Bartness Building
2810 North Third Street  Phoenix, Arizona  85004

Telephone: 602-606-2810     Facsimile: 602-606-2811

Dennis I. Wilenchik, #005350
John "Jack" D. Wilenchik, #029353
Jordan C. Wolff, #034110
admin@wb-law.com
*Attorneys for Defendant Kelly Townsend*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Staci Burk,** | Case No.:  2:22-cv-01967-DMF |
| **Plaintiff,** | **REPLY IN SUPPORT OF MOTION TO DISMISS, OR IN THE ALTERNATIVE MOTION TO STRIKE** |
| **v.** | |
| **Senator Kelly Townsend, et al.,** | **(Oral Argument Requested)** |
| **Defendant.** | |
| | **(Assigned to the Honorable Deborah Fine)** |

Defendant hereby files this Reply in Support of her Motion to Dismiss. (Dkt. #13.)

First, pages 1 – 7 of the *pro se* Plaintiff's Response to the Motion to Dismiss (the "Response," Dkt. #22) should be disregarded/stricken for a number of reasons, including that they contain matters outside of the pleadings (in derogation of Rule 12(d)); and they otherwise contain little more than a running commentary on Defendant's alleged political views and associations, which constitutes "an insufficient defense or [] redundant, immaterial, impertinent, or scandalous matter" within the meaning of Rule 12(f). In general, the Court must disregard allegations contained in the Response that were not contained Plaintiff's Complaint; and given the length of her Complaint, the burden should be on Plaintiff to cite to the Court (and undersigned counsel) where in the Complaint her allegations were made, if they even were.

Further, even if the Court were to consider pages 1-7 of the Response, then they would add little in terms of anything that is, or even might be, substantively related to the Complaint; or anything that could otherwise be considered genuinely supportive of Plaintiff's Opposition to the Motion to Dismiss. Starting at page 5, line 25 of her Response, Plaintiff appears to newly allege that sometime in between November 2020 and December 2020,[1] "there was an attempted break-in at her home. Plaintiff called 911, [sic] Defendant, while on the phone with an associate of General Flynn, with local police present, ushered into Plaintiff's home a heavily armed paramilitary 'security detail,' telling Plaintiff her life was in danger and she needed security." "The heavily armed paramilitary group [that was] ushered into Plaintiff's home used fear, intimidation, coercion, false stories, and manipulation of Plaintiff and her family to accomplish the group's political goals and objectives. Plaintiff believes these efforts were to control the public narrative and ensure Plaintiff was widely discredited to silence and marginalize her so that nobody would listen to or believe her in case she were to reveal the attempts to coerce and manipulate her into completing an affidavit to seize the Maricopa County Election Center by ambush before certification using a FISA warrant." Plaintiff also claims that the "security detail" took her phone, sometime later. Again, the Plaintiff appears to be injecting new allegations and details that were not in her Complaint (and/or that she does not clearly reference back to her Complaint, at the minimum). Further, these allegations are not plausible. But even if the Court were to overlook the implausibility of these allegations, and whether they were fully contained in the Complaint, they still fail to state a cause of action. Plaintiff is basically saying that over two years ago, she called 911 because of an attempted break-in at her home, and that in response the Defendant "ushered in" security to the Plaintiff's home. The rest of Plaintiff's allegations concern purported actions by the "security detail," which are not causally (much less plausibly) connected to the Defendant—i.e., the Plaintiff does not allege that Defendant participated in planning their actions or otherwise aided them, or that Defendant was even aware of their actions. In general, it is unclear

---

[1] Plaintiff's narrative on these pages appears to be chronological. Earlier on the same page (page 5, line 6), she refers to alleged events "on or around November 17, 2020." And then later (on page 7, line 12), she refers to alleged events in "December 2020."

what Plaintiff is alleging this "security detail" actually did (other than take her phone, at some point). And Plaintiff offers no factual detail to support or explain how "the group [that was] ushered into Plaintiff's home used fear, used fear, intimidation, coercion, false stories, and manipulation of Plaintiff and her family to accomplish the group's political goals and objectives," which renders this a conclusory statement that is not entitled to any deference by this Court. Plaintiff also cites to no factual basis for her "belie[f]" that "these efforts were to control the public narrative and ensure Plaintiff was widely discredited," etc. Later in her Response, Plaintiff seems to acknowledge that she has no factual basis to even assert that Defendant "ushered in" this alleged security detail; on page 9, lines 15-19, she indicates that it was merely "reasonably foreseeable" to Defendant that "[Defendant's] followers" in "law enforcement and intelligence" "would deploy to Plaintiff's home, invading her and her family's privacy, to stalk, surveil, and seek information [that] Defendant alleged was vital to 'saving the Country.'" Plaintiff's Response also makes it fairly clear that these alleged actions occurred more than two years ago (between November and December 2020), making them subject to a number of statute of limitations, as detailed in the Motion to Dismiss.

On page 12 of her Response, Plaintiff states that she "clearly alleged claims against former Senator Townsend in her personal capacity, not her official capacity." But in the very next sentence, she appears to contradict herself: "Even so…where Plaintiff alleges Defendant acted in her role as a former Senator 'under color of law,' for purposes of her U.S.C. 1983 [sic] claim, Plaintiff's U.S.C. 1983 [sic] claims are not subject to notice of claim provisions or administrative exhaustion." Clearly Plaintiff cannot have it both ways, i.e. she cannot allege that Defendant did and did not act in her official capacity. Because Plaintiff admits that she is alleging that Defendant "acted in her role as a former Senator 'under color of law,'" then her state-law claims are subject to dismissal for failure to comply with the Notice of Claim statute. And while Plaintiff correctly notes that her claims under Section 1983 are not subject to the notice of claim statute, they still fail because Plaintiff fails to state a Section 1983 claim (by plausibly alleging facts to support the deprivation of a constitutional right, *inter alia*, as already addressed in the Motion to Dismiss).

Even if the Court were to indulge Plaintiff in her attempt to "have her cake and eat it too" by inconsistently alleging that the Defendant did and did not act in her official capacity – and even if the Court were to assume that Plaintiff is only alleging that Defendant acted in her personal capacity – then Plaintiff's claims would still fail for all the reasons outlined in the Motion to Dismiss. In other words, whether the Motion to Dismiss must be granted does not turn on the issue of whether Defendant allegedly acted in her official capacity; the issue merely affects the particular analysis under which the case must be dismissed. If the Plaintiff is alleging that Defendant acted in her official capacity (which Plaintiff clearly is), then the case is subject to dismissal for the reasons given immediately above (including failure to comply with the notice of claim statute); but if Plaintiff is alleging that Defendant was not acting in her official capacity, then it simply means that the notice of claim statute may not apply (and also, that the "under color of law" prong of Section 1983 has not been met). Plaintiff's claims still remain subject to dismissal because they fail to amount to any actual cause of action; and because the "regular" statutes of limitation still apply to bar the action, etc.

Plaintiff's discussion of the vulnerable-adult statutes (on page 16) is largely unavailing, because she again fails to point to allegations supporting that Defendant was in a fiduciary-type position to her, and moreover that Defendant violated the statutes by misappropriating her assets. (Plaintiff does point to an allegation in the Complaint on page 11 that she "has been regularly assessed and evaluated by the State of Arizona which considers her a vulnerable adult…pursuant to the State of Arizona Adult Protective Services." While this does not specifically state that she meets the age and incapacity requirements of the statute, that might be fairly inferred.) Also, Plaintiff's Complaint did not actually list this claim, i.e. statutory abuse of a vulnerable adult, as one of the Counts under which she purports to be bringing suit. (Defendant's Motion graciously addressed it as a claim, simply because "vulnerable adult" language appears at various places in the Complaint.) Nevertheless, any "abuse of a vulnerable adult" claim remains subject to dismissal for failure to allege facts plausibly supporting the elements of the claim, as well as because it is barred by the statutes of limitation identified in the Motion (either the notice of claim statute, if

she is asserting the claim against a public official, or the general two-year statute of limitations for statutory abuse of a vulnerable adult, since the allegations date back to late 2020).

Finally, as stated above, the Plaintiff's Response contains numerous other allegations and assertions which are not properly relevant to this suit, and/or are outside the pleadings. Such statements should be disregarded/stricken and Defendant need not address them. The exhibits to Plaintiff's Response are also by definition outside of the pleadings and must be disregarded/stricken.

Plaintiff also offers no compelling reason for why the Court should grant leave to amend, i.e. for why an amendment would save the Complaint from dismissal on the grounds raised in the Motion to Dismiss.

## CONCLUSION

For the reasons stated in the Motion to Dismiss, Plaintiff's Complaint must be dismissed with prejudice. Defendant reserves the right to seek fees and/or costs upon dismissal.

**RESPECTFULLY SUBMITTED** on April 25, 2023.

**WILENCHIK & BARTNESS, P.C.**

 */s/ John D. Wilenchik*
Dennis I. Wilenchik, Esq.
John "Jack" D. Wilenchik, Esq.
Jordan C. Wolff, Esq.
The Wilenchik & Bartness Building
2810 North Third Street
Phoenix, Arizona 85004
admin@wb-law.com
*Attorneys for Defendant*

5

**CERTIFICATE OF SERVICE**

I hereby certify that on April 25, 2023, I electronically transmitted the foregoing document to the Clerk of the Court through the CM/ECF system, which will send a Notice of Electronic Filing to all CM/ECF registrants for this matter and copy of the foregoing sent via U.S. mail to:

Staci Burk
2487 Gilbert Road, #106-609
Gilbert, AZ 85295
stacigriffinburk@yahoo.com
*Pro Se Plaintiff*

*/s/ Christine M. Ferreira*