IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Staci Burk,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Kelly Townsend, et al.,<br><br>　　　　Defendants. | No. CV-22-01967-PHX-DMF<br><br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE STEPHEN M. MCNAMEE, SENIOR UNITED STATES DISTRICT JUDGE:**

On November 18, 2022, Plaintiff Staci Burk ("Plaintiff") filed a Complaint initiating these proceedings, naming Kelly Townsend as a Defendant along with unknown and unnamed defendants. (Doc. 1) The current operative complaint is the Second Amended Complaint in which the Town of Florence is named as one of the defendants. (Doc. 38) While not all defendants have appeared, all parties who have appeared in this matter (Plaintiff, Defendant Kelly Townsend, and Defendant Town of Florence) have consented to Magistrate Judge jurisdiction. (Docs. 8, 19, 65)

Presently, this matter is before the Court on Plaintiff and Defendant Town of Florence's Stipulation to Dismiss the Town of Florence, Only, With Prejudice (Doc. 69). Before appearances and consent of all defendants, there is not full consent for a Magistrate Judge to enter dispositive orders. *See Williams v. King*, 875 F.3d 500 (9th Cir. 2017). Service has not been executed upon Defendants Hartwig, Logan, or Flynn, and Defendant

Powell has not appeared despite Plaintiff's filing of a proof of service (Doc. 51) and the Clerk of Court's subsequent entry of default (Doc. 60). Thus, pursuant to General Order 21-25, this Report and Recommendation is made to Senior United States District Judge Stephen M. McNamee.

## I. PERTINENT BACKGROUND AND PROCEDURAL POSTURE

On November 18, 2022, Plaintiff filed a Complaint initiating these proceedings, naming Kelly Townsend as a Defendant, along with unknown and unnamed defendants. (Doc. 1) Plaintiff consented to Magistrate Judge Jurisdiction on January 17, 2023. (Doc. 8) On March 24, 2023, Defendant Kelly Townsend ("Defendant Townsend") filed a motion to dismiss for failure to state a claim (Doc. 13), and on March 27, 2023, Defendant Townsend consented to Magistrate Judge Jurisdiction (Doc. 19).

On May 9, 2023, the Court granted Defendant Townsend's motion to dismiss in part, dismissed Plaintiff's Complaint without prejudice, and granted Plaintiff leave to file an amended complaint. (Doc. 34) On July 21, 2023, Plaintiff filed a First Amended Complaint (Doc. 37), and on July 24, 2023, Plaintiff filed a Second Amended Complaint, naming as Defendants Kelly Townsend, Ryan Hartwig, Micheal Flynn, Sidney Powell, Doug Logan, and the Town of Florence (Doc. 38). On July 25, 2023, the Court found Plaintiff's Second Amended Complaint timely filed, ordered Defendant Townsend to answer Plaintiff's Second Amended Complaint, and ordered Plaintiff to serve any unserved Defendants. (Doc. 39) On July 28, 2023, Defendant Townsend filed a motion to dismiss Plaintiff's Second Amended Complaint. (Doc. 40)[1] On August 3 and 4, 2023, summonses were issued as to Defendants Town of Florence, Hartwig, Logan, Powell, and Flynn. (Docs. 44, 47)

Service of the summons and Second Amended Complaint was executed upon Defendant Town of Florence on September 8, 2023. (Doc. 55) On October 9, 2023, the Town of Florence consented to Magistrate Judge Jurisdiction. (Doc. 65) Defendants Hartwig, Flynn, Powell, and Logan have not yet appeared in this matter.

---

[1] Defendant Townsend's fully briefed motion to dismiss is not at issue in this Report and Recommendation.

## II.  STIPULATION TO DISMISS THE TOWN OF FLORENCE, ONLY, WITH PREJUDICE (Doc. 69)

On October 30, 2023, following two extensions for Defendant Town of Florence to file a responsive pleading (Docs. 58, 67), Defendant Town of Florence and Plaintiff filed a Stipulation to Dismiss the Town of Florence, Only, With Prejudice (Doc. 69). The stipulation states that Defendant Town of Florence has met with Plaintiff, and that:

> Plaintiff has long held a positive relationship with the Town of Florence Police Department. After having met and reaffirmed that relationship with the Police Chief and given the totality of the circumstances and a desire on Plaintiff's part to maintain that relationship over pursuing the Town as a Defendant is [*sic*] this matter, Plaintiff and the Town of Florence hereby stipulate that this lawsuit is dismissed against the Town of Florence only, with prejudice, with each party to bear its own fees and costs.

(*Id*. at 1)[2] Plaintiff and the Town of Florence submitted a proposed form of order with the stipulation, and the proposed order includes "that this lawsuit and all claims herein are dismissed against the Town of Florence only, with prejudice, with the parties to bear their own attorneys' fees and costs." (Doc. 69-1)

Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 41(a) regards voluntary dismissal. A dismissal pursuant to Fed. R. Civ. P. 41(a) is without prejudice unless the notice or stipulation states otherwise. Here, the stipulation requests that the claims against Town of Florence be dismissed with prejudice. Dismissal with prejudice of Plaintiff's claims against Defendant Town of Florence pursuant to Fed. R. Civ. P. 41(a) is therefore appropriate. Further, good cause appears for Plaintiff and Defendant Town of Florence's stipulation that Plaintiff and Defendant Town of Florence each bear their own attorneys' fees and costs.

## III.  CONCLUSION

For the reasons set forth above, it is recommended that Plaintiff and Defendant Town of Florence's Stipulation to Dismiss the Town of Florence, Only, With Prejudice

---

[2] Before appearances and consent of all defendants, there is not full consent for a Magistrate Judge to enter dispositive orders. *See Williams*, 875 F.3d at 500. Defendants Hartwig, Logan, Flynn, and Powell have not appeared. Thus, pursuant to General Order 21-25, this Report and Recommendation is made to Senior United States District Judge Stephen M. McNamee.

(Doc. 69) be granted, and that all of Plaintiff's claims against the Town of Florence in this matter be dismissed with prejudice, with Plaintiff and Defendant Town of Florence each bearing their own attorneys' fees and costs.

Accordingly,

**IT IS RECOMMENDED** that all of Plaintiff's claims against Defendant Town of Florence in this matter be dismissed with prejudice, with Plaintiff and Defendant Town of Florence each bearing their own attorneys' fees and costs.

The above recommendations are not orders that are immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The parties shall have fourteen days within which to file responses to any objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determination of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 7th day of November, 2023.

_____
Honorable Deborah M. Fine
United States Magistrate Judge