**WILENCHIK & BARTNESS**
A PROFESSIONAL CORPORATION

ATTORNEYS AT LAW
The Wilenchik & Bartness Building
2810 North Third Street  Phoenix, Arizona  85004

Telephone: 602-606-2810    Facsimile: 602-606-2811

Dennis I. Wilenchik, #005350
John "Jack" D. Wilenchik, #029353
admin@wb-law.com
*Attorneys for Defendant Kelly Townsend*

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Staci Burk,<br><br>Plaintiff,<br><br>v.<br><br>Senator Kelly Townsend, et al.,<br><br>Defendant. | Case No.: 2:22-cv-01967-DMF<br><br>**MOTION TO DISMISS THIRD AMENDED COMPLAINT WITH PREJUDICE**<br><br>**(Assigned to the Honorable Deborah Fine)** |

Defendant Kelly Townsend ("Defendant") hereby files this Motion to Dismiss the Plaintiff's Third Amended Complaint with prejudice [Doc. 99].

Plaintiff has a history of filing "political" lawsuits *in propria persona*. In 2021, she filed a *pro se* lawsuit in this court naming as defendants the Arizona Democratic Party and President of the Arizona Senate (*inter alia*), which the court ordered dismissed with prejudice six days after it was filed (case no. CV-21-00757-PHX-SPL). Prior to that, she also filed suit in state court *pro se* against former Governor Ducey (*inter alia*), contesting the 2020 election. (See Dkt #1, #5 in cv-21-00757; Pinal County Superior Court Case No. S-1100-CV-202001869).

I. **INTRODUCTION**

Plaintiff has failed to plead state law causes of action that satisfy the Arizona notice of claim requirements, and her 1983 claim against Senator Townsend also fails due to legislative immunity and for other reasons. As a result, Defendant Townsend respectfully requests that the

Court dismiss the Complaint with prejudice because of the many opportunities Plaintiff has had to amend already and because any further opportunity to amend would be self-evidently futile. *Stanton v. Battelle Energy Alliance, LLC*, 83 F.Supp.3d 937, 949 (D. Idaho 2015) ((futility and "repeated failure to cure deficiencies" as reasons to deny leave to amend) (citing *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 985 n.5 (9th Cir. 2011)).

## II. LEGAL ARGUMENT

### A. Legal Standard

A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory" to survive a motion to dismiss under Rule 12(b)(6). *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal,* 556 U.S. at 678) (emphasis added)). "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

In reviewing a motion to dismiss under Rule 12(b)(6), the reviewing court must assume the truth of all factual allegations and construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678, (citing *Twombly*, 550 U.S. at 557). Two working principles underlie *Twombly*. First, the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a

cause of action's elements, supported by mere conclusory statements. *Id.,* at 555. A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth. *Iqbal*, 556 U.S. 662, 663–64.

### B. Plaintiff Failed to Comply with A.R.S. § 12-821.01; Therefore, all common law claims (Counts 2-7) should be dismissed.

The unambiguous language of A.R.S. § 12-821.01 is fatal to Plaintiff's state common law claims. A.R.S. § 12-821.01(A) provides that "[p]ersons who have claims against a public entity, public school, or a public employee shall file [a notice of claim] ... with the person or persons authorized to accept service ... within one hundred eighty days after the cause of action accrues." The contents of such notice are specific and strict: it must "contain facts sufficient to permit the public entity or public employee to understand the basis on which liability is claimed ... [and] a specific amount for which the claim can be settled and the facts supporting that amount." A.R.S. § 12-821.01(A).

The consequence for failing to adhere to the requirements of A.R.S. § 12-821.01(A) is dismissal of the complaint. "Compliance with the notice provision of § 12-821.01(A) is a 'mandatory' and 'essential' prerequisite to such an action ...." *Salerno v. Espinoza,* 210 Ariz. 586, 588, ¶ 7 (App. Ct. 2005). It is beyond dispute that a claimant must strictly comply with the requirements of A.R.S. § 12-821.01—substantial compliance or even actual knowledge by the public employee are insufficient. *See Simon v. Maricopa Med. Center,* 225 Ariz. 55, 62, ¶ 23 (App. Ct. 2010) ("Strict compliance with A.R.S. § 12-821.01(A) is required and substantial compliance is insufficient."); *Barth v. Cochise Cnty.,* 213 Ariz. 59 (App. 2006) (affirming a dismissal because the plaintiff failed to file a notice of claim with a public entity before filing a lawsuit). It is undisputed that Plaintiff filed no such claim. Put differently, Plaintiff's failure to file a proper notice of claim "bars any claim" against Townsend, who was an elected member of the Arizona state legislature at the time alleged in the Third Amended Complaint and was acting as such at all relevant times. *Salerno,* 210 Ariz. at 588, ¶ 7 (quoting *W. Corrs. Group, Inc. v. Tierney,* 208 Ariz. 583, 585 ¶ 7 (App. Ct. 2004)).

For entities the legislature chooses to protect, "the notice-of-claim statute is, fundamentally, a codification of sovereign immunity." *Banner Univ. Med. Ctr. Tucson Campus, LLC v. Gordon in &for Cnty. of Pima,* 249 Ariz. 132, 137, ¶ 13 (App. Ct. 2020). When no notice of claim is filed, the absolute bar on liability **applies to good claims and bad.** *See, e.g., Swenson v. County of Pinal,* 243 Ariz. 122, 127, ¶ 16 (App. Ct. 2017) ("Even if a claim falls within a statutory exception so that the public entity or employee would be liable, a plaintiff's failure to provide notice **bars the court from considering liability"** (cleaned up) (emphasis added)).

To perfect its claims against Townsend, Plaintiff had to serve a notice of claim on an individual designated to receive the service of process. The Complaint does not allege service of any notice of claim. No such service occurred; no such notice of claim was ever filed**.**

Moreover, Plaintiff alleges over and over that Townsend committed all relevant actions pursuant to her role investigating potential election fraud as the Arizona "House Election Committee Chair." [3rd Am. Compl. ¶¶ 16, 17, 20, 22, 24, 26, 30, 31, 32, 33, 34, 35, 36, 38c, 39d, 41, 42, 45, 50, 52, 62, 78.] Investigations into election fraud and integrity are categorically within the purview of the legislature. *Fann v. Kemp*, 253 Ariz. 537, 545 (2022) (*quoting Ariz. Indep. Redistricting Comm'n v. Fields*, 206 Ariz. 130, 136 (App. Ct. 2003)) ("The investigation into the accuracy of the 2020 election in Maricopa County was a function within the 'legitimate legislative sphere' as any 'other matter[ ] placed within the jurisdiction of the legislature.'"). Thus, combined with Plaintiff's overwhelmingly clear allegations that Townsend was acting pursuant to the legislature's election fraud investigation, Plaintiff has effectively pleaded Townsend was acting within the scope of her employment[1] as a legislator and therefore the notice of claim statute plainly applies here. *Villasenor v. Evans*, 241 Ariz. 300, 303 (App. Ct. 2016) (notice of claim statute applies to any activity in scope of employment, defined as "if it is the kind the employee is employed to perform, it occurs within the authorized time and space limits, and furthers the employer's business even if the employer has expressly forbidden it").

---

[1] The fact that Plaintiff brings her claims against Townsend in her individual capacity is only relevant to Plaintiff's 1983 claim; it is irrelevant to the scope of employment inquiry that determines applicability of the notice of claim statute.

### C. Defendant Townsend Possesses Legislative Immunity for Her Actions

Any investigation of potential election fraud by Defendant Townsend that allegedly harmed Plaintiff is afforded complete legislative immunity under the Arizona Constitution. *Fann v. Kemp*, 253 Ariz. 537, 545 (2022). Though Plaintiff could have alleged that certain of Townsend's actions were taken outside the scope of her legislative investigation, she has plainly failed to do so." [3rd Am. Compl. ¶¶ 16, 17, 20, 22, 24, 26, 30, 31, 32, 33, 34, 35, 36, 38c, 39d, 41, 42, 45, 50, 52, 62, 78.] Thus, Townsend's own limited actions (as opposed to those of her alleged "agents") should be deemed all to be covered by Arizona's broad grant of legislative immunity, and Plaintiff's claims against Townsend should be dismissed accordingly. This is particularly true where, as here, a section 1983 claim can **only** be based on Townsend's own actions individually. *See infra* § D.1.

### D. Plaintiff Failed to State a Claim under 42 U.S.C. § 1983

The plaintiff has asserted a section 1983 claim against Townsend for alleged constitutional violations. A section 1983 claim can only be based on a right that is secured by the Constitution or federal statutes. If a plaintiff who has made a section 1983 claim does not establish that she was deprived of a right secured by the Constitution, her section 1983 claim necessarily fails. *See Albright v. Oliver*, 510 U.S. 266, 271 (1994); *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Due Process Clause of the Fourteenth Amendment provides that the government cannot "deprive any person of life, liberty, or property, without due process of law." This language creates a right to so-called procedural due process. Procedural due process prohibits the government from depriving a person of "life, liberty, or property" without first observing sufficient procedural safeguards that ensure the deprivation was fair. This language is also interpreted as creating a right to so-called substantive due process. Substantive due process forbids the government from infringing "certain fundamental rights," regardless of the process provided, without an appropriate justification. *Lopez--Valenzuela v. Arpaio*, 770 F.3d 772, 780 (9th Cir. 2014) (en banc); *see Washington v. Glucksberg*, 521 U.S. 702, 719--20 (1997). In asserting a substantive due process claim, a plaintiff must first show that the government deprived her of one of the certain "fundamental rights" with which substantive due process concerns itself.

*Wedges/Ledges of Cal., Inc. v. City of Phoenix*, 24 F.3d 56, 62 (9th Cir. 1994). These fundamental rights include most of the rights enumerated in the Bill of Rights, but also include rights unenumerated elsewhere in the Constitution, such as the right to marry, have children, and to direct their education and upbringing. *Washington*, 521 U.S. at 719--20. They also include the right to "bodily integrity" (or "bodily" or "personal" "security," as it is sometimes phrased). *See, e.g., Rochin v. Cal.*, 342 U.S. 165 (1952) (holding that police violated substantive due process by forcibly pumping a suspect's stomach).

The Supreme Court has warned against adding to, re-defining, or broadening the scope of these and the handful of other fundamental rights substantive due process has been deemed to protect. *See Collins v. City of Harker Heights*, 503 U.S. 115, 125 (1992); *Brittain v. Hansen*, 451 F.3d 982, 991 (9th Cir. 2006). Accordingly, whenever a plaintiff makes a substantive due process claim, a court must first assess whether the plaintiff's "description of the fundamental liberty interests" the claim is based on fits within "a narrow definition of the interest at stake." *Raich v. Gonzalez*, 500 F.3d 850, 863 (9th Cir. 2007).

Here, the plaintiff's substantive due process claim is based on the supposed existence of alleged "implied and actual threats of retribution (that) have caused Plaintiff and her family to feel unsafe in their home." [Doc. 98 at ¶ 53(d)]. We respectfully submit such a subjective feeling of unsafety is not the basis of a cognizable constitutional tort. Thus, the plaintiff's substantive due process claim is based on the unfounded notion that a person has a fundamental right, secured by the Fourteenth Amendment, to be free from the apprehension of imminent harmful or offensive contact, or of terror. More simply put, the plaintiff's substantive due process claim is based on the notion that the Fourteenth Amendment secures a fundamental right to be free from emotional harm that may be caused by the government even where the government has a right to do whatever is claimed to cause this fear.

The Due Process Clause of the Fourteenth Amendment has never been held to secure for people a fundamental right to be free from such perceived emotional harm. Just the opposite. Plaintiffs making substantive due process claims from allegations that the government caused them emotional harm often try to shoehorn those allegations as falling within the liberty interest

a person has in his "bodily integrity," or "personal security." However, as this Court recently observed, "courts have declined to recognize a liberty interest in personal security in cases in which plaintiffs suffered emotional harm but no physical injury." *Fruitts v. Union Co.*, 2015 WL 5232722 at *5 (D. Or. Aug. 17, 2015) (surveying cases). "Similarly, courts have found mere exposure to the risk of physical harm was not enough to implicate a liberty interest." *Id.*, at *5 (finding that "emotional trauma absent appreciable physical injury does not implicate a constitutional liberty interest in personal security").

In *McLean v. Pine Eagle Sch. Dist., No. 6*1, 194 F. Supp. 3d 1102, 1114 (D. Or. 2016), the court addressed a substantive due process claim made by a plaintiff who alleged that the Defendants violated her protected liberty interest in "freedom from assault and terror." The plaintiff was a teacher, who was unwittingly part of an active shooter drill, where masked school employees pretended to be assailants and shot her with a starter gun, which was filled with blanks. *Id.* at 1113. In surveying the law involving psychological injury, the court noted that the only cases addressing the possibility of psychological injury stating a claim for substantive due process were for harm inflicted on children and adults being held in official custody. *Id.* at 1115. The court held that as the plaintiff was not a child, nor held in custody, she could not state a Fourteenth Amendment claim for psychological injury. *Id.*

### 1. Plaintiff Fails to Sufficiently Allege Personal Action by Townsend

In a 1983 suit, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Here, most of Plaintiff's allegations "against Townsend" are really allegations against Townsend's alleged "agents", not against Townsend herself. [*See* 3rd Am. Compl. ¶¶ 37(d)-(h), 40(a)-(c), 42-43, 44-53.] All such claims must be dismissed as insufficient as a matter of law.

### 2. There Was No Violation of Procedural Due Process Possible While Plaintiff Voluntarily Agreed to Have Agents in Her House

Plaintiff's procedural due process claims are largely based on the allegation that "agents" provided her with security services by living in her house and consuming her goods for weeks. [3rd Am. Compl. ¶¶ 44-49.] However, Plaintiff's complaint also alleges that Plaintiff believed she

was at risk and accepted the offer of live-in security for a significant period of time. [*Id*. ¶¶ 25, 38d.] Voluntary actions by Plaintiff categorically cannot constitute violations of due process. *See Gupta v. Terhune*, 2004 WL 7338592, at *7 (E.D. Cal. Dec. 8, 2004) (volunteering to be placed on lockdown precluded procedural due process claim re receiving adequate hearings while being on lockdown). Thus, no procedural due process claim is possible for any amount of time prior to Plaintiff telling the "agents" to leave. [3rd Am. Compl. ¶ 48.]

### 3. <u>There was no Seizure</u>

Even if the Fourth Amendment were implicated here, the plaintiff must still show that she was actually "seized" as that word is defined under the Fourth Amendment.

The plaintiff was not restrained by physical force, as alleged. *Cf. Adams v. City of Auburn Hills*, 336 F.3d 515, 519--20 (6th Cir. 2003) (holding that a suspect was not restrained by physical force when an officer shot at him, but missed); *Schulz v. Long*, 44 F.3d 643, 647 (8th Cir. 1995) (similar). So the plaintiff must show that she was "seized" by a "show of authority." Here, Plaintiff did not allege that she was "seized" by any "show of authority."

"The test for existence of a 'show of authority' is an objective one: not whether the citizen perceived that he was being ordered to restrict his movement, but whether [an official's] words and actions would have conveyed that to a reasonable person." *California v. Hodari D*, 499 U.S. 621, 628 (1991). Or, as the Oregon Supreme Court has put it, a show of authority involves a government official "exercising his or her official authority to restrain." *State v. Backstrand*, 313 P.3d 1084, 1093 (Or. 2013) (emphasis added). Thus, the paradigmatic show of authority occurs when a police officer yells, to a fleeing suspect, "Stop, in the name of the law!" *Hodari, D.*, 499 U.S. at 626. Here, Plaintiff admits that Defendant (and her agents) advised Plaintiff that she could be in danger to get her to agree to have security living in her house for several weeks. [3rd Am. Compl. ¶ 45 ("Defendant Townsend, by and through her agents…repeatedly told Plaintiff she and her family were in danger and, under that pretense, deployed teams of armed Agents to Plaintiff's home…").] Defendant Townsend respectfully submits to the Court that, even if the allegations in the Complaint were true, someone believing they are in danger and **<u>agreeing</u>** to allow security to remain in their house can never constitute a "show of authority" such that a seizure possibly can

have occurred. Thus, Plaintiff's section 1983 claims based on the presence of security personnel in her home must be dismissed.

## CONCLUSION

For all the reasons stated herein, Plaintiff still has no state common law claims to make here against this Defendant, even were they made as to her in an individual capacity, because of failure to provide proper notice of those claims. And, Plaintiff still fails to state a claim upon which relief may be provided as to any § 1983 claim against Defendant Townsend based on legislative immunity and for the other reasons herein stated. Defendant respectfully requests the Court therefore dismiss the Third Amended Complaint with prejudice. Defendant reserves the right to seek fees and/or costs upon dismissal.

**RESPECTFULLY SUBMITTED** on January 16, 2024.

**WILENCHIK & BARTNESS, P.C.**

 /s/ Dennis I. Wilenchik
Dennis I. Wilenchik, Esq.
John "Jack" D. Wilenchik, Esq.
2810 North Third Street
Phoenix, Arizona 85004
admin@wb-law.com
*Attorneys for Defendant Townsend*

## CERTIFICATE OF SERVICE

I hereby certify that on January 16, 2024, I electronically transmitted the foregoing document to the Clerk of the Court through the CM/ECF system, which will send a Notice of Electronic Filing to all CM/ECF registrants for this matter and copy of the foregoing sent via U.S. mail to:

Staci Burk
2487 Gilbert Road, #106-609
Gilbert, AZ 85295
stacigriffinburk@yahoo.com
*Pro Se Plaintiff*

*/s/ Christine M. Ferreira*