1

2

3

4

5

6 **IN THE UNITED STATES DISTRICT COURT**

7 **FOR THE DISTRICT OF ARIZONA**

8

9 Staci Burk,                                                    No.  CV-22-1967-PHX-DMF

10                              Plaintiff,

11 v.                                                               **ORDER**

12 Kelly Townsend, et al.,

13                              Defendants.

14          This matter is before the Court on Plaintiff's Motion for Service by Publication upon

15 Defendant Sydney Powell (Doc. 105), who has not appeared in these proceedings.

16          Fed. R. Civ. P. 4(e) regards service of persons who are within a judicial district of

17 the United States, as Defendant Powell appears to be, and states:

18

19 **(e) Serving an Individual Within a Judicial District of the United States.**
Unless federal law provides otherwise, an individual--other than a minor, an
20 incompetent person, or a person whose waiver has been filed--may be served
in a judicial district of the United States by:
21

22          (1) following state law for serving a summons in an action brought in
courts of general jurisdiction in the state where the district court is located or
23 where service is made; or

24          (2) doing any of the following:

25

26          (A) delivering a copy of the summons and of the complaint to the
individual personally;
27

28          (B) leaving a copy of each at the individual's dwelling or usual place
of abode with someone of suitable age and discretion who resides there; or

1

2

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

3

Ariz. Rule Civ. P. 4.2 regards service of out of state defendants, and insofar as service by

4

publication, it states:

5

**(f) Service by Publication.**

6

7

8

9

10

(1) *Generally*. If a party shows that the service provided by Rule 4.2(b) through 4.2(e) is impracticable, the court may, on motion and without notice to the person to be served, order that service be accomplished by publication. A serving party may initiate the service by publication procedure described in Rule 4.2(f)(2) prior to moving for such an order or while the motion is pending. The court may permit service by publication, in such manner and form as the court may direct, if:

11

12

13

(A) the serving party, despite reasonably diligent efforts, has been unable to determine the person's current address; or the person to be served has intentionally avoided service of process;

14

15

16

(B) service by publication is the best means practicable in the circumstances for providing notice to the person of the action's commencement; and

17

18

(C) the motion is supported by affidavit that sets forth the serving party's reasonably diligent efforts to serve the person.

19

(2) *Procedure*.

20

21

22

23

(A) Generally. Service by publication is accomplished by publishing the summons and a statement describing how a copy of the pleading being served may be obtained at least once a week for 4 successive weeks in a newspaper published in the county where the action is pending.

24

25

(B) Who May Serve. Service by publication may be made by the serving party, its counsel, or anyone else authorized to serve process under Rule 4(d).

26

27

28

(C) Alternative Newspapers. If no newspaper is published in a county where publication is required, the serving party must publish the summons and statement in a newspaper in an adjoining county.

(D) Effective Date of Service. Service is complete 30 days after the summons and statement is first published in all newspapers where publication is required.

(3) *Mailing*. If the serving party knows the address of the person being served, it must, on or before the date of first publication, mail to the person the summons and a copy of the pleading being served, postage prepaid.

(4) *Return*.

(A) Required Affidavit. The party or person making service must prepare, sign and file an affidavit describing the manner and dates of the publication and mailing, and the circumstances warranting service by publication. If no mailing was made because the serving party did not know the current address of the person being served, the affidavit must state that fact.

(B) Accompanying Publication. A printed copy of the publication must accompany the affidavit.

(C) Effect. An affidavit that complies with these requirements constitutes prima facie evidence of compliance with the requirements for service by publication.

After careful review of the docket and the present motion, the Court will allow service by publication to proceed, subject to Plaintiff properly following the applicable procedures and filing proof of such with the Court.  Nevertheless, the Court will grant the motion (Doc. 105) without prejudice to Defendant Powell later contesting the propriety of service by publication upon Defendant Powell.

Accordingly,

**IT IS ORDERED** granting as set forth herein Plaintiff's Motion for Service by Publication upon Defendant Sydney Powell (Doc. 105) without prejudice to Defendant Powell later contesting the propriety of service by publication upon Defendant Powell.

Dated this 25th day of January, 2024.

_____
Honorable Deborah M. Fine
United States Magistrate Judge

- 3 -