Shawn M. Flynn, *pro hac vice*
Jared J. Roberts, *pro hac vice*
BINNALL LAW GROUP, PLLC
717 King Street, Suite 200
Alexandria, VA 22314
Phone: (703) 888-1943
Fax: (703) 888-1930
Email: shawn@binnall.com
          jared@binnall.com
*Attorneys for Michael T. Flynn*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| STACI BURK, | ) No. 2:22-cv-01967-DMF |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **DEFENDANT MICHAEL T. FLYNN'S** |
| | ) **MOTION TO DISMISS AND BRIEF IN** |
| | ) **SUPPORT THEREOF** |
| KELLY TOWNSEND et al., | ) |
| | ) Oral Argument Requested |
| Defendants. | ) |
| | ) |

# TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................................. i

TABLE OF AUTHORITIES ......................................................................................... ii

LEGAL STANDARD ..................................................................................................... 1

ARGUMENT ..................................................................................................................... 2

I.   Plaintiff fails to allege an agreement between General Flynn and any other Defendant to violate her rights................................................................................................................. 2

II.  Plaintiff has failed to state a claim under 42 U.S.C. § 1983................................................. 4

   a.  Plaintiff's claim is time-barred. ..................................................................................... 4

   b.  Plaintiff has failed to adequately allege that General Flynn was acting under the color of law...................................................................................................................................... 6

   c.  Plaintiff failed to allege a violation of her First Amendment Rights. ............................. 8

   d.  Plaintiff failed to allege a violation of her Fourth Amendment rights............................. 9

   e.  Plaintiff failed to allege a violation of her Fourteenth Amendment rights. .................... 10

III. Plaintiff's state law claims lack supplemental jurisdiction. ............................................... 12

IV.  Plaintiff has failed to state a claim for any state law cause of action. .............................. 12

   b.  Plaintiff's assault claim fails. ....................................................................................... 13

   c.  Plaintiff's intentional infliction of emotional distress claim fails. .................................. 14

   d.  Plaintiff's negligent infliction of emotional distress claim fails...................................... 14

   e.  Plaintiff's invasion of privacy claim fails. ...................................................................... 15

   f.  Plaintiff's civil conspiracy claim fails. .......................................................................... 15

CONCLUSION .............................................................................................................. 16

CERTIFICATE OF SERVICE.................................................................................... 17

# TABLE OF AUTHORITIES

## Cases

*Adams v. City of Auburn Hills*,
336 F.3d 515 (6th Cir. 2003) ............................................................................................ 9

*Albright v. Oliver*,
510 U.S. 266 (1994) .......................................................................................................... 8

*Antseliovich v. JP Morgan Chase Bank NA*,
No. 1 CA-CV 16-0515, 2018 WL 2016021, *1 (Ariz. Ct. App. Div. 1, May 1, 2018) ............... 3

*Ares Funding, L.L.C. v. MA Maricopa, L.L.C.*,
602 F. Supp. 2d 1144 (D. Ariz. 2009) ............................................................................... 3

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .......................................................................................................... 2

*Baker ex rel. Hall Brake Supply, Inc. v. Stewart Title & Trust of Phoenix, Inc.*,
197 Ariz. 535 (App. 2000) ............................................................................................... 15

*Barbier v. Connolly*,
113 U.S. 27 (1884) ........................................................................................................... 11

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) ...................................................................................................... 2, 14

*Bollfrass v. City of Phoenix*,
628 F. Supp. 3d 920 (D. Ariz. 2022) ................................................................................. 11

*Brew v. City of Emeryville*,
138 F. Supp. 2d 1217 (N.D. Cal. 2001) ........................................................................... 6, 7

*Brittain v. Hansen*,
451 F.3d 982 (9th Cir. 2006) ............................................................................................ 11

*Burk v. Ducey*,
No. CV-20-0349-AP/EL, 2021 WL 1380620 (Ariz. Sup. Ct. Jan. 6, 2021) (cert denied, 141 S.
Ct. 2600) ........................................................................................................................... 1

*California v. Hodari D*,
499 U.S. 621 (1991) ........................................................................................................... 9

*Christakis v. Deitsch*,
250 Ariz. 246 (Ct. App. 2020) .......................................................................................... 14

*Collins v. City of Harker Heights*,
503 U.S. 115 (1992) .......................................................................................................... 11

ii

*Crowe v. County of San Diego*,
   608 F.3d 406 (9th Cir. 2010) ............................................................................ 3

*Davis v. HDR Incorporated*,
   606 F. Supp. 3d 898 (D. Ariz. 2022) ............................................................. 15

*Dawson v. Withycombe*,
   216 Ariz. 84 (Ct. App. Div. 1 2007) ................................................................ 3

*Ford v. Revlon, Inc.*,
   153 Ariz. 38 (1987) ........................................................................................ 14

*Fruitts v. Union Co.*,
   No. 2:14-CV-00309-SU, 2015 WL 5232722, *1 (D. Or. Aug. 17, 2015) .................. 11

*Ganther v. Board of Regents of University and State Colleges*,
   127 Ariz. 57 (1990) .......................................................................................... 5

*Gau v. Smitty's Super Valu, Inc.*,
   183 Ariz. 107 (App. 1995) ............................................................................. 12

*Gupta v. Terhune*,
   No. CIV S-00-1095 GEB GGH P, 2004 WL 7338592, *1 (E.D. Cal. Dec. 8, 2004) .......... 9, 13

*Hartman v. Moore*,
   547 U.S. 250 (2006) ......................................................................................... 8

*Hinkle v. Astrue*,
   No. 1:07-CV-01068 TAG, 2008 WL 2490396, *1 (E.D. Cal. June 17, 2008) .................. 2

*Ileto v. Glock Inc.*,
   349 F.3d 1191 (9th Cir. 2003) .......................................................................... 2

*Jablon v. Dean Witter & Co.*,
   614 F.2d 677 (9th Cir.1980) ............................................................................. 2

*Keck v. Jackson*,
   122 Ariz. 114 (1979) ...................................................................................... 15

*Lacy v. Cnty. of Maricopa*,
   631 F. Supp. 2d 1183 (D. Ariz. 2008) .............................................................. 9

*Lewis v. Dirt Sports LLC*,
   259 F. Supp. 3d 1039 (D. Ariz. 2017) ............................................................ 13

*Lopez--Valenzuela v. Arpaio*,
   770 F.3d 772 (9th Cir. 2014) (en banc) .......................................................... 11

*Lugar v. Edmondson Oil Co., Inc.*,
   457 U.S. 922 (1982) ............................................................................................ 6, 7

*Nieves v. Bartlett*,
   139 S. Ct. 1715 (2019) .......................................................................................... 8

*O'Sullivan v. Felix*,
   233 U.S. 318 (1914) .............................................................................................. 5

*Paz v. Arizona*,
   No. CV-14-02377-TUC-BPV, 2015 WL 12917572, *1 (D. Ariz. July 6, 2015) ......................... 3

*Pierce v. Casas Adobes Baptist Church*,
   162 Ariz. 269 (1989) ............................................................................................ 15

*Robinson v. Solano Cnty.*,
   278 F.3d 1007 (9th Cir. 2002) (Fernandez, J., concurring) ............................................ 13

*Rodriguez v. Fox News Network, L.L.C.*,
   238 Ariz. 36 (Ct. App. 2015) ............................................................................... 15

*Rondelli v. Pima Cnty.*,
   120 Ariz. 483 (Ct. App. 1978) ............................................................................... 5

*Schulz v. Long*,
   44 F.3d 643 (8th Cir. 1995) .................................................................................... 9

*Sherrill v. Ariz. Health Care Cost Containment Sys.*,
   No. 1 CA-CV 12-0031, 2013 WL 12174695, *1 (D. Ariz. Sept. 5, 2013) .......................... 12

*Shouse v. Pierce Cnty.*,
   559 F.2d 1142 (9th Cir. 1977) ............................................................................... 5

*Slade v. City of Phoenix*,
   112 Ariz. 298, 300 (1975) ................................................................................... 12

*Snyder v. HSBC Bank, USA*,
   913 F. Supp. 2d 755 (D. Ariz. 2012) ...................................................................... 6

*Sullivan v. United States*,
   No. CV-15-231-TUC-DCB, 2015 WL 11170726, *1 (D. Ariz. Oct. 28, 2015) ..................... 2

*Swetnam v. F. W. Woolworth Co.*,
   83 Ariz. 189 (1957) ........................................................................................... 12

*Telasaurus VPC, LLC v. Power*,
   623 F.3d 998 (9th Cir. 2010) ................................................................................ 2

*TwoRivers v. Lewis,*
   174 F.3d 987 (9th Cir.1999) ......................................................................................... 2

*United Mine Workers of America v. Gibbs,*
   383 U.S. 715 (1966) .................................................................................................... 12

*Washington v. Glucksberg,*
   521 U.S. 702 (1997) .................................................................................................... 11

*Wedges/Ledges of Cal., Inc. v. City of Phoenix,*
   24 F.3d 56 (9th Cir. 1994) ........................................................................................... 11

*Wells Fargo Bank v. Ariz. Laborers, Teamsters and Cement Masons Local No. 395 Pension Trust Fund,*
   201 Ariz. 474 (2002) ..................................................................................................... 3

*West v. Atkins,*
   487 U.S. 42 (1988) ........................................................................................................ 8

*West v. Atkins,*
   487 U.S. 42 (1988) ........................................................................................................ 6

**Statutes**

42 U.S.C. § 1983 ....................................................................................................... 4, 6, 12

Ariz. Rev. Stat. Ann. § 12-541 ............................................................................................ 13

**Other Authority**

"Single Mom and Domestic Violence Survivor Represents herself in a U.S. Supreme Court
   Push for Bipartisan Voter Rights," EIN PRESSWIRES (Apr. 8, 2021),
   https://www.einnews.com/pr_news/538256084/single-mom-and-domestic-violence-
   survivor-represents-herself-in-a-u-s-supreme-court-push-for-bipartisan-voter-rights .............. 1

Complaint, *Burk v. Ariz. Democratic Party*, No. 2:21-cv-757-SPL (D. Ariz. filed Apr. 28, 2021) ... 1

**Rules**

Federal Rule of Civil Procedure 12(b)(6) ........................................................................... 1

Having originally made false claims in the media and the courts about witnessing election fraud, Plaintiff is now using this Court as a platform to make incendiary and false allegations about General Michael T. Flynn supposedly hiring individuals to hold her hostage in her home. This is ridiculous. Plaintiff's outlandish, rambling, and baffling second-attempt at a Third Amended Complaint violates this Court's order, which required her to put each defendant on fair notice of facts to support her claims. She has—for the fourth time—failed to state any cause of action, particularly against General Flynn, who Plaintiff includes as a defendant, despite stating no facts and only conclusory allegations of any wrongdoing on his part. Her claims against General Flynn are baseless, frivolous, and also time-barred.

Plaintiff, who is no stranger to the courts,[1] has filed this frivolous action for improper purposes, and General Flynn reserves the right to seek relief, including reimbursement for his attorneys' fees and costs, and Defendant Michael T. Flynn ("General Flynn") hereby files this Motion to Dismiss the Plaintiff's Third Amended Complaint with prejudice.

## LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face;' that is, plaintiff must 'plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Sullivan v. United*

---

[1] *See Burk v. Ducey*, No. CV-20-0349-AP/EL, 2021 WL 1380620 (Ariz. Sup. Ct. Jan. 6, 2021) (cert denied, 141 S. Ct. 2600); Complaint, *Burk v. Ariz. Democratic Party*, No. 2:21-cv-757-SPL (D. Ariz. filed Apr. 28, 2021); *see also* 3d Am. Compl. at ¶ 23. While Plaintiff vaguely references pursuing a "postgraduate doctoral degree," she was apparently in law school. *See, e.g.*, "Single Mom and Domestic Violence Survivor Represents herself in a U.S. Supreme Court Push for Bipartisan Voter Rights," EIN PRESSWIRES (Apr. 8, 2021), https://www.einnews.com/pr_news/538256084/single-mom-and-domestic-violence-survivor-represents-herself-in-a-u-s-supreme-court-push-for-bipartisan-voter-rights.

*States*, No. CV-15-231-TUC-DCB, 2015 WL 11170726, at *1 (D. Ariz. Oct. 28, 2015) (citing *Telasaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). While this "plausibility standard is not akin to a 'probability requirement,'" it requires "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citations omitted). Furthermore, when a "complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). In addition, legal conclusions need not be taken as true merely because they are presented in the form of factual allegations. *Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003).

"Dismissal for a statute of limitations violation can be granted under Rule 12(b)(6) 'only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled.'" *Hinkle v. Astrue*, No. 1:07-CV-01068 TAG, 2008 WL 2490396, at *3 (E.D. Cal. June 17, 2008) (citing *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir.1999) (citation omitted) (quoting *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir.1980)).

Plaintiff has failed to allege any claim that is not time-barred by the applicable statute of limitations or plausibly alleges any misconduct on behalf of General Flynn.

## ARGUMENT

I.     **Plaintiff fails to allege an agreement between General Flynn and any other Defendant to violate her rights.**

Plaintiff's conclusory and non-specific allegations against General Flynn do not plausibly connect him to any of her outlandish claims. Each allegation against General Flynn depends on the conclusory assertion that he conspired with Defendant Townsend to send "agents" to terrorize Plaintiff in her home. *See* Pl.'s 3d Am. Compl. ("TAC") at ¶ 36. Plaintiff alleges no facts

to support such a conspiracy, and for that reason—among others—her Third Amended Complaint must fail.

To properly allege a conspiracy, Plaintiff "must allege with sufficient factual particularity that defendants reached some explicit or tacit understanding." *Ares Funding, L.L.C. v. MA Maricopa, L.L.C.*, 602 F. Supp. 2d 1144, 1150 (D. Ariz. 2009). For a conspiracy under § 1983, Plaintiff "must 'demonstrate the existence of an agreement or meeting of the minds' to violate constitutional rights." *Paz v. Arizona*, No. CV-14-02377-TUC-BPV, 2015 WL 12917572, *5 (D. Ariz. July 6, 2015) (quoting *Crowe v. County of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010)). Indeed, Arizona requires clear and convincing evidence of an actual agreement to prove civil conspiracy. *Dawson v. Withycombe*, 216 Ariz. 84, 103 (Ct. App. Div. 1 2007); *Wells Fargo Bank v. Ariz. Laborers, Teamsters and Cement Masons Local No. 395 Pension Trust Fund*, 201 Ariz. 474, 499 (2002). Conclusory assertions that defendants acted collectively are insufficient. *Antseliovich v. JP Morgan Chase Bank NA*, No. 1 CA-CV 16-0515, 2018 WL 2016021, *4 (Ariz. Ct. App. Div. 1, May 1, 2018).

The Arizona Court of Appeals noted in *Dawson* that even when a co-defendant provides assistance to a tortfeasor, that may not be enough to infer a conspiratorial agreement because "there is a qualitative difference between showing an agreement to participate in a tort (conspiracy) and a knowing action which might substantially aid the tortfeasor to commit a tort. *Dawson*, 216 Ariz. at 103.

While General Flynn denies providing any assistance to Defendant Townsend related to Plaintiff, even if he had done so, there are no facts alleged to show that he intended for "agents" to hold Plaintiff hostage in her home. Plaintiff merely asserts—without stating a date, time, or place—that Defendant Townsend supposedly "solicited" help from General Flynn to assist in her investigation of election fraud. TAC at ¶¶ 9, 22, 33. Plaintiff later alleges that General Flynn

agreed to provide "law enforcement support . . . to carry out Townsend's de facto reported State sanctioned investigation effort as well as a follow-up forensic audit which Defendant Townsend had publicly pushed for since 2017." *Id.* at ¶ 102. She alleges that General Flynn and Defendant Townsend communicated regularly, but never alleges the substance or contents of those communications other than "their efforts to investigate the 2020 presidential election, plans to solicit sworn testimony of witnesses to substantiate election fraud claims, and status updates about activity conducted by Defendants' Agents." *Id.* at ¶¶ 57, 61. On its face, this does not allege any agreement or meeting of the mind with General Flynn to violate Plaintiff's rights or commit torts against her.

Even if any of the security personnel at Plaintiff's home had been sent by General Flynn—they were not—Plaintiff implicitly acknowledges that she, at least initially, agreed to have them in her home. *See id.* at ¶¶ 25, 38(d), 42, 42(e). This undermines any inference that could be drawn about General Flynn intending to violate Plaintiff's rights. Further disconnecting Plaintiff's wild allegations from General Flynn, she asserts at multiple points that individuals were "agents" of General Flynn without any facts to support these legal conclusions. *E.g., id.* at ¶¶ 33 n.9, 40, 64. Plaintiff then turns around and claims that these were "agents" of Defendant Townsend. *E.g., Id.* at ¶¶ 37(c), 37(f), 39(a), 45, 46, 50, 52, 53, 65(f). Plaintiff cannot allege that these men in her home were agents of Defendant Townsend and simultaneously allege that they were agents of General Flynn—not without specific, factual allegations about an agreement between General Flynn and Defendant Townsend regarding Plaintiff. She has alleged none.

**II.**   **<u>Plaintiff has failed to state a claim under 42 U.S.C. § 1983.</u>**

    **a.  Plaintiff's claim is time-barred.**

Beyond the implausibility of her allegations, Plaintiff has failed to state a claim under 42 U.S.C. § 1983 because her claims as to General Flynn are time-barred under the applicable one-

year statute of limitations. Because "Congress has not enacted a statute of limitations applicable to suits arising under § 1983," "it is well settled that federal courts apply the most analogous state statute of limitations to these federally-created claims." *Rondelli v. Pima Cnty.*, 120 Ariz. 483, 485 (Ct. App. 1978) (citing *O'Sullivan v. Felix*, 233 U.S. 318 (1914)). "Unlike some other states, Arizona has not enacted a statute of limitations which is specifically made applicable to § 1983 suits." *Id.* Arizona and federal courts have, therefore, found that the "statute of limitations applicable for § 1983 actions in the state court was one year, derived from A.R.S. Sec. 12-541(3). *Ganther v. Board of Regents of University and State Colleges*, 127 Ariz. 57, 57–58 (1990) (citing *Shouse v. Pierce Cnty.*, 559 F.2d 1142 (9th Cir. 1977); *Rondelli*, 120 Ariz. at 485–87)).

In *Rondelli,* the Arizona Court of Appeals found that A.R.S. Sec. 12-541(3) was the correct statute of limitation to borrow because § 1983 creates rights and imposes obligations different from any that would exist at common law, as would a state statute that would fall under that provision's one year statute of limitations. *Rondelli*, 120 Ariz. at 486. Because A.R.S. Sec. 12-541(3) provides for a one-year limitation on actions upon liability created by statute, other than a penalty or forfeiture, the *Rondelli* court went on to find that it was the properly applicable source for the statute of limitations for § 1983. The *Ganther* court reaffirmed this position and added that it did "not believe that a one-year period of limitations is too short. *Ganther*, 127 Ariz. at 58.

Therefore, the appropriate statute of limitations in this Court for Plaintiff's claims under § 1983 is one year. Plaintiff filed this action on November 18, 2022. Dkt. No. 1. Because Plaintiff's claims as to General Flynn would have arisen prior to November 18, 2021, they are time-barred.

Plaintiff alleges that her home was swarmed in November 2020. TAC at ¶ 23. She alleges that General Flynn communicated with Defendant Townsend "in November and December 2020." *Id.* at ¶ 57. Plaintiff also alleges that she escaped multiple times and even voluntarily met

with Defendant Townsend (her supposed captor) after escaping.[2] TAC at ¶¶ 26, 37(f), 38(b). Conspicuously, she omits the date that she "escaped" in this iteration of the Complaint, which would put a time-stamp on the end of her supposed detention. This Court, however, can take notice of that date from the public record.[3] Plaintiff alleged in her prior attempt at a Third Amended Complaint—made under oath—that she "physically escaped the gaslighting, fear, intimidation, and coercion of Defendant's agents that Plaintiff began seeing more clearly the network of Defendant's agents and the relationships" in May 2021. Dkt. No. 49, ¶¶ 11, 112.

Because Plaintiff had escaped her supposed captivity by May 2021, her action filed in October 2022, with regard to that alleged captivity was untimely.

**b. Plaintiff has failed to adequately allege that General Flynn was acting under the color of law.**

To state a claim under § 1983, "a plaintiff must show that a defendant, acting under color of state law, deprived plaintiff of a constitutional right." *Brew v. City of Emeryville*, 138 F. Supp. 2d 1217, 1223 (N.D. Cal. 2001) (citing *Lugar v. Edmondson Oil Co., Inc.,* 457 U.S. 922, 924 (1982)). The Supreme Court has found that "a person acts under the color of state law if the person 'exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Id.* (quoting *West v. Atkins,* 487 U.S. 42, 49 (1988) (citation omitted)).

---

[2] In addition to her multiple escapes, Plaintiff also appears to have had free access to a computer during this period, as she was able to file a 38-page petition to the United States Supreme Court on March 3, 2021, and a federal lawsuit on April 28, 2021. *See supra* n.1. If Plaintiff had still been under duress—assuming she ever had been—she could have sent emails asking for help, which she apparently never did.

[3] A federal court may take judicial notice of matters of public record on a Rule 12(b)(6) motion to dismiss. *Snyder v. HSBC Bank, USA*, 913 F. Supp. 2d 755, 768 (D. Ariz. 2012).

Here, Plaintiff has failed to plausibly allege that General Flynn exercised power possessed by virtue of state law. Moreover, Plaintiff has not alleged any action by General Flynn that was only possible due to his being clothed with the authority of state law, because General Flynn never possessed such authority. Rather, Plaintiff makes plain in her operative Complaint that she is now unhappy that she invited persons into her home that she apparently became uncomfortable with later. TAC at ¶¶ 25, 38(d), 42, 42(e) (explaining Plaintiff believed she was at risk and apparently accepted the offer of live-in security for a period of time). She also alleges that she was in fear of these persons later, but nothing about the allegations in the operative Complaint suggests that the actions allegedly taken by General Flynn required state authority or that he invoked or used any state authority. *See Brew,* 138 F. Supp. 2d at 1223 (citing *Lugar,* 457 U.S. at 924).

In addition, Plaintiff has failed to plausibly allege that General Flynn was an integral participant in any violation of her constitutional rights. The integral participant doctrine only applies where "(1) the defendant knew about and acquiesced in the constitutionally defective conduct as part of a common plan with those whose conduct constituted the violation, or (2) the defendant set in motion a series of acts by others which the defendant knew or reasonably should have known would cause others to inflict the constitutional injury." *Peck v. Montoya*, 51 F.4th 877, 889 (9th Cir. 2022) (citing *Johnson v. Duffy*, 588 F.2d 740, 743–44 (9th Cir. 1978)).

Here, Plaintiff has, as noted above and in Senator Townsend's Motion to Dismiss, failed to allege any state action by General Flynn or Senator Townsend. *See, e.g.*, Dkt. No. 99. Further, Plaintiff has not plausibly alleged that General Flynn was aware of or acquiesced in any constitutionally defective conduct or set in motion a series of acts that he knew or reasonably knew would cause the same. Plaintiff's allegations show, at most, that General Flynn spoke with

Senator Townsend during times relevant to her operative Complaint. But Plaintiff does not, and cannot, allege the contents of those calls or how they relate to any constitutionally defective conduct. Therefore, her claims must fail. Moreover, even if this Court were to find that General Flynn acted with state authority derived from Senator Townsend, he incorporates the legislative immunity briefing in her Motion to Dismiss. *See* Dkt. No. 99.

### c. Plaintiff failed to allege a violation of her First Amendment Rights.

Even if Plaintiff's claims under § 1983 were not time-barred, they must be dismissed because Plaintiff has failed to state a claim upon which relief may be granted. Under § 1983, a plaintiff must present a claim based on a right secured by the Constitution or federal statutes, or the claim must fail. *See Albright v. Oliver*, 510 U.S. 266, 271 (1994); *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff has broadly attempted to allege violations of her First, Fourth, and Fourteenth Amendment rights, but each of these fails.

"'[A]s a general matter the First Amendment prohibits government officials from subjecting an individual to retaliatory actions' for engaging in protected speech." *Nieves v. Bartlett*, 139 S. Ct. 1715, 1722 (2019) (citing *Hartman v. Moore*, 547 U.S. 250, 256 (2006)). To prevail on a First Amendment claim pursuant to § 1983, "a plaintiff must establish a 'causal connection' between the government defendant's 'retaliatory animus' and the plaintiff's 'subsequent injury.'" *Id.* (citing *Hartman*, 547 U.S. at 259). Moreover, Plaintiff must show that the adverse action against her "would not have been taken absent the retaliatory motive." *Id.* (citations omitted).

Here, Plaintiff has not alleged any protected speech or retaliation by General Flynn. Plaintiff's Complaint only makes accusations that her speech was chilled. She does not allege that she engaged in protected speech and was retaliated against because of that speech. *See* TAC at ¶¶ 62–65. Plaintiff makes these allegations while admitting that she believed she was at risk and

apparently accepted an offer of live-in security—an offer allegedly made by Defendant Townsend, not General Flynn—for a period of time. *Id.* ¶¶ 25, 38(d). Voluntary actions by Plaintiff categorically cannot constitute violations here. *See Gupta v. Terhune*, No. CIV S-00-1095 GEB GGH P, 2004 WL 7338592, at *7 (E.D. Cal. Dec. 8, 2004) (volunteering to be placed on lockdown precluded procedural due process claim re receiving adequate hearings while being on lockdown). Thus, no claim is possible for any amount of time prior to Plaintiff telling the "agents" to leave, and Plaintiff has failed to allege when that was in relation to any other allegations. *Id.* at ¶ 48.

### d. Plaintiff failed to allege a violation of her Fourth Amendment rights.

As to the Fourth Amendment, Plaintiff must plausibly allege either unreasonable search and seizure or excessive force during an arrest and detention by an actor acting under the color of law. *Lacy v. Cnty. of Maricopa*, 631 F. Supp. 2d 1183, 1193 (D. Ariz. 2008). To state a claim, Plaintiff must plausibly allege she was seized within the ambit of the Fourth Amendment.

Plaintiff does not allege that she was restrained by physical force. *See Adams v. City of Auburn Hills*, 336 F.3d 515, 519–20 (6th Cir. 2003) (determining a suspect was not restrained by physical force when an officer shot at him, but missed); *Schulz v. Long*, 44 F.3d 643, 647 (8th Cir. 1995) (similar). Therefore, Plaintiff must plausibly allege she was seized by a show of authority. Here, Plaintiff has not alleged such a show of authority by General Flynn. Determining if there was a show of force is an objective inquiry considered from the point of view of a reasonable person. *See California v. Hodari D*, 499 U.S. 621, 628 (1991). A classic example of a show of authority occurs when a police officer tells a suspect, "Stop, in the name of the law!" *See id.* at 626.

As an initial matter, even accepting the outlandish and self-contradictory allegations of the operative Complaint, Plaintiff has alleged no facts to support her conclusory assertions that General Flynn conspired with anyone or sent security personnel to her home. And, as noted above, Plaintiff alleges that she believed in the alleged voter fraud and that she was at risk, and she accepted Defendant Townsend's offer of live-in security for a period of time. No procedural due process claim is therefore possible for any amount of time prior to Plaintiff telling the "agents" to leave. TAC at ¶ 48. Plaintiff's own allegations evince that she accepted security. *Id.* at ¶ 45 ("Defendant Townsend, by and through her agents . . . repeatedly told Plaintiff she and her family were in danger and, under that pretense, deployed teams of armed Agents to Plaintiff's home . . .").

Moreover, Plaintiff's outlandish allegations are self-contradictory, as she admits that she was free to leave her home with an escort, and that she could speak with law enforcement and outsiders with a security agent present. *See* TAC at ¶¶ 37(e), 37(g), 37(h), 47, 69. She does not allege or explain how she was under duress during these situations, or plausibly allege how she was seized by a show of authority.

General Flynn also joins Defendant Townsend in arguing that, even if Plaintiff's outlandish allegations were true, someone believing they are in danger and volunteering to accept and host security in their house can never constitute a show of authority such that a seizure possibly can have occurred. Thus, Plaintiff's § 1983 claims based on the presence of security personnel in her home, who were present with Plaintiff's consent, must be dismissed.

### e.  Plaintiff failed to allege a violation of her Fourteenth Amendment rights.

Finally, the Fourteenth Amendment Due Process Clause ensures the government may not "deprive any person of life, liberty, or property without due process of law." *Barbier v. Connolly*,

113 U.S. 27, 31 (1884). This language has been interpreted to provide both procedural and substantive due process rights. Procedural due process ensures that the government cannot deprive an individual of their life, liberty, or property without first observing sufficient procedural safeguards that ensure the deprivation was fair. *Bollfrass v. City of Phoenix*, 628 F. Supp. 3d 920, 937 (D. Ariz. 2022). Substantive due process prevents the government from interfering with "fundamental rights" without justification. *Lopez--Valenzuela v. Arpaio*, 770 F.3d 772, 780 (9th Cir. 2014) (en banc); *see Washington v. Glucksberg*, 521 U.S. 702, 719–20 (1997). When asserting a substantive due process claim, the burden is on the plaintiff to establish that the government deprived her of a protected fundamental right. *Wedges/Ledges of Cal., Inc. v. City of Phoenix*, 24 F.3d 56, 62 (9th Cir. 1994). The Supreme Court has cautioned courts against adding to, re-defining, or broadening the scope of fundamental rights that substantive due process has been found to protect. *See Collins v. City of Harker Heights*, 503 U.S. 115, 125 (1992); *Brittain v. Hansen*, 451 F.3d 982, 991 (9th Cir. 2006).

Here, Plaintiff's substantive due process claim is based on the allegedly "implied and actual threats of retribution (that) have caused Plaintiff and her family to feel unsafe in their home." TAC at ¶ 53(d). This alleged harm is not within the scope of any fundamental right. In contrast, in a case citing this Court, the District of Oregon recently observed, "courts have declined to recognize a liberty interest in personal security in cases in which plaintiffs suffered emotional harm but no physical injury." *Fruitts v. Union Co.*, No. 2:14-CV-00309-SU, 2015 WL 5232722 at *5 (D. Or. Aug. 17, 2015) (surveying cases). "Similarly, courts have found mere exposure to the risk of physical harm was not enough to implicate a liberty interest." *Id.* (finding "emotional trauma absent appreciable physical injury does not implicate a constitutional liberty interest in personal security"). Moreover, another court in this Circuit has considered a claim for "freedom

from assault and terror." *McLean v. Pine Eagle Sch. Dist., No. 61*, 194 F. Supp. 3d 1102, 1114 (D. Or. 2016). In *McLean,* the District of Oregon addressed a substantive due process claim made by a plaintiff who alleged Defendants infringed upon her right to be free from assault and terror. *Id.* In considering this claim, the District of Oregon correctly determined that this type of claim has only been successful for certain types of plaintiffs, including children or those held in official custody. *Id.* at 15. None of these apply here.

### III.   Plaintiff's state law claims lack supplemental jurisdiction.

Because Plaintiff's 42 U.S.C. § 1983 claim fails, this Court should decline supplemental jurisdiction over her state law claims and must dismiss them. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966).

### IV.   Plaintiff has failed to state a claim for any state law cause of action.

Even if this Court does not dismiss Plaintiff's state law claims for lack of supplemental jurisdiction, Plaintiff has failed to state a claim upon which relief may be granted.

#### a.   Plaintiff's false imprisonment claim fails.

In Arizona, "false arrest and false imprisonment . . . may be defined as the detention of a person without his consent and without lawful authority." *Slade v. City of Phoenix*, 112 Ariz. 298, 300 (1975) (citing *Swetnam v. F. W. Woolworth Co.,* 83 Ariz. 189, 318 P.2d 364 (1957)). "[A]n actor is subject to liability for false imprisonment for the wrongful confinement of another if 'he acts intending to confine the other *or a third person* within boundaries fixed by the actor,' 'his act *directly or indirectly* results in such a confinement of the other,' and 'the other is conscious of the confinement or is harmed by it.'" *Sherrill v. Ariz. Health Care Cost Containment Sys.*, No. 1 CA-CV 12-0031, 2013 WL 12174695, at *5 (D. Ariz. Sept. 5, 2013) (quoting *Gau v. Smitty's Super Valu, Inc.*, 183 Ariz. 107, 110 (App. 1995)) (emphasis added). In addition, a false imprisonment claim in Arizona must be brought within one year of the alleged false imprisonment. Ariz. Rev. Stat.

Ann. § 12-541 ("There shall be commenced and prosecuted within one year after the cause of action accrues, and not afterward, the following actions: [] For malicious prosecution, or for false imprisonment, or for injuries done to the character or reputation of another by libel or slander."). As discussed above, Plaintiff's alleged imprisonment ended in May 2021, and therefore, Plaintiff's false imprisonment claim, brought on November 18, 2022, is time-barred.

Even ignoring the statute of limitations, Plaintiff has failed to state a claim upon which relief may be granted. As noted above, Plaintiff makes these allegations while admitting that she believed she was at risk and accepted an offer of live-in security for a period of time. *Id.* ¶¶ 25, 38(d). Voluntary actions by Plaintiff categorically cannot constitute violations here. *See Gupta*, 2004 WL 7338592 at *7 (volunteering to be placed on lockdown precluded procedural due process claim re receiving adequate hearings while being on lockdown). Thus, no claim is possible for any amount of time prior to Plaintiff's subsequent change of mind and decision to tell the "agents" to leave, and Plaintiff has failed to even allege when that was in relation to any other allegations. *Id.* at ¶ 48.

**b. Plaintiff's assault claim fails.**

In Arizona, "to succeed on an assault claim a plaintiff must prove that the defendant acted with intent to cause another harmful or offensive contact or apprehension thereof, and the other person apprehend[ed] imminent contact." *Lewis v. Dirt Sports LLC*, 259 F. Supp. 3d 1039, 1044 (D. Ariz. 2017) (citations omitted). "Assault 'is an attempt or offer to beat another, without touching him.'" *Robinson v. Solano Cnty.*, 278 F.3d 1007, 1017 n.2 (9th Cir. 2002) (Fernandez, J., concurring) (quoting 3 William Blackstone, Commentaries *120)). The operative Complaint contains no facts supporting a claim for assault.

Plaintiff merely regurgitates the elements of the cause of action, stating that General Flynn "intentionally acted in a manner that caused Burk and her family members reasonable apprehension they would be touched in a harmful or offensive manner." TAC at ¶ 127. This broad legal conclusion—exactly the kind of recitation rejected by the Supreme Court[4]—is entitled to no deference. Plaintiff provides *zero* support for how General Flynn acted in any manner that would place her in reasonable apprehension of imminent contact.

### c. Plaintiff's intentional infliction of emotional distress claim fails.

To state a claim for intentional infliction of emotional distress, a plaintiff must adequately allege a defendant engaged in "extreme and outrageous conduct[,] that he or she either intend[ed] to cause emotional distress or recklessly disregarded the near certainty that such distress w[ould] result from the conduct; and that severe emotional distress . . . indeed occur[ed]." *Christakis v. Deitsch*, 250 Ariz. 246, 250 (Ct. App. 2020) (quoting *Ford v. Revlon, Inc.*, 153 Ariz. 38, 43 (1987)) (internal quotations omitted).

Once again, Plaintiff's conclusory allegations do not rise to this standard. Plaintiff has alleged no facts as to General Flynn, other than his supposedly communicating with Defendant Townsend regarding election fraud investigations. As discussed, Plaintiff implicitly admits to voluntarily hosting security in her home, at least initially, and therefore, even if General Flynn had sent security personnel to her home—he did not—she does not and cannot allege facts to show that he engaged in outrageous conduct or that he intended to cause her any distress.

### d. Plaintiff's negligent infliction of emotional distress claim fails.

Negligent infliction of emotional distress requires a showing that a plaintiff witnessed an injury to a closely related person, suffered mental anguish manifested as physical injury, and was

---

[4] *See Twombly,* 550 U.S. at 555.

within the zone of danger so as to be subjected to an unreasonable risk of bodily harm created by the defendant. *Rodriguez v. Fox News Network, L.L.C.*, 238 Ariz. 36, 39 (Ct. App. 2015) (citing *Pierce v. Casas Adobes Baptist Church,* 162 Ariz. 269, 272 (1989)). "Damages for emotional disturbance alone are too speculative." *Keck v. Jackson*, 122 Ariz. 114, 115–16 (1979). Plaintiff's only allegation for this contention, however, is what the Arizona Supreme Court rejected in *Keck*, merely stating, she suffered "emotional harm" from the "psychological terror." TAC at ¶ 125. Again, this conclusory allegation is insufficient.

### e. Plaintiff's invasion of privacy claim fails.

"A claim for intrusion upon seclusion requires the Plaintiff to prove two elements: (i) an intentional intrusion, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns and (ii) that the intrusion would be highly offensive to a reasonable person." *Davis v. HDR Incorporated*, 606 F. Supp. 3d 898, 910 (D. Ariz. 2022) (citations omitted). For the same reason that Plaintiff's claim for false imprisonment fails, this claim also fails. As discussed, Plaintiff makes these allegations while admitting that she believed she was at risk and accepted an offer of live-in security for a period of time. *Id.* ¶¶ 25, 38(d). Thus, there was no "intentional intrusion." Moreover, as discussed, Plaintiff alleges no facts to connect General Flynn to the supposed invasion of her home.

### f. Plaintiff's civil conspiracy claim fails.

"A civil conspiracy requires an underlying tort which the alleged conspirators agreed to commit." *Baker ex rel. Hall Brake Supply, Inc. v. Stewart Title & Trust of Phoenix, Inc.*, 197 Ariz. 535, 545 (App. 2000). Here, because Plaintiff has failed to state a claim for any tort, her claim for civil conspiracy must likewise fail.

1

**CONCLUSION**

2

Plaintiff has been given multiple bites at the apple and has again failed to allege plausible

3
4
causes of action. Particularly as to General Flynn, Plaintiff simply alleges no facts, beyond bald

5
assertions, to show that he was involved with Plaintiff in any way, much less committed torts or

6
violated her rights. Based on her own meandering allegations, Plaintiff appears to have believed

7
her life was in danger—due to her public claims of having evidence of election fraud—invited

8
9
security into her home to protect her, and then later regretted having them around. Her claims

10
to have been imprisoned are simply not credible given her inconsistencies, lack of supporting

11
facts, and her filing of a Supreme Court petition and federal lawsuit during the relevant period.

12
This Court should not countenance her ongoing quest for drama and attention. For the foregoing

13
reasons, General Flynn respectfully requests that this Court dismiss Plaintiff's Third Amended

14
15
Complaint, in its entirety, with prejudice.

16
DATED: January 30, 2024

17

18
/s/ Shawn M. Flynn

Shawn M. Flynn, *pro hac vice*
19
Jared J. Roberts, *pro hac vice*
Binnall Law Group, PLLC
20
717 King Street, Suite 200
Alexandria, Virginia 22314
21
Phone: (703) 888-1943
Fax: (703) 888-1930
22
shawn@binnall.com
jared@binnall.com
23

24
*Attorneys for Michael T. Flynn*

25

26

27

28

## CERTIFICATE OF SERVICE

I certify that on January 30, 2024, a copy of the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system, which will send a copy to all counsel of record.

*/s/ Shawn M. Flynn*
Shawn M. Flynn

*Attorney for Defendant Michael T. Flynn*