Shawn M. Flynn, *pro hac vice*
Jared J. Roberts, *pro hac vice*
BINNALL LAW GROUP, PLLC
717 King Street, Suite 200
Alexandria, VA 22314
Phone: (703) 888-1943
Fax: (703) 888-1930
Email:  shawn@binnall.com
          jared@binnall.com
*Attorneys for Michael T. Flynn*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| STACI BURK, | No. 2:22-cv-01967-DMF |
| Plaintiff, | |
| v. | **DEFENDANT MICHAEL T. FLYNN'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS** |
| KELLY TOWNSEND et al., | |
| Defendants. | |

While Plaintiff is correct that she is not obligated to lay out every detail of her claims, she must still plausibly state a claim for relief. She has failed to do so, and her operative complaint must be dismissed.

**ARGUMENT**

**I.     Plaintiff fails to state any claim for relief.**

Each cause of action against General Flynn depends on the conclusory assertion that he conspired with Defendant Townsend to send "agents" to terrorize Plaintiff in her home. *See* Dkt. No. 98 at ¶ 36. While General Flynn denies providing any assistance to Defendant Townsend related to Plaintiff, even if he had done so, there are no facts alleged to show that he intended to violate Plaintiff's rights, that he acted under the color of law, or any of Plaintiff's other myriad claims.

In her response, Plaintiff principally argues that this Court may find that there is some kind of agreement based on phone calls between General Flynn and Defendant Townsend. *See*

1

Dkt. No. 118 at 8–11. At best, however, Plaintiff's allegations in the operative complaint claim that General Flynn spoke to Defendant Townsend about investigating the 2020 election, plans to solicit sworn testimony from witnesses, and "status updates" about unspecified "activity" of unspecified "Defendants' [plural] Agents." Dkt. No. 98 at ¶ 61. Nothing about this rises to the level of plausibly alleging the conspiracy or agreements asserted by Plaintiff.

Moreover, even if she could revive the prior version of her allegations about these phone calls from her Second Amended Complaint, which are entirely superseded by the operative complaint, those allegations fare no better. *See Harris v. City of Kent*, No. 22-35346, 2023 WL 6784361, at *3 (9th Cir. Oct. 13, 2023) (citing *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (explaining that an amended complaint supersedes the original).

Plaintiff previously alleged that Defendant Townsend and General Flynn discussed plans for a public hearing on election fraud, and "plans to switch out [Plaintiff's] security team." Dkt. No. 38 at ¶¶ 165. Again, nothing about this plausibly alleges a conspiracy, agreement, or meeting of the minds to torment or hold Plaintiff against her will.[1] This is particularly so, as Plaintiff acknowledges that she initially agreed to accept security. Dkt. No. 118 at 15 ("[Plaintiff] had briefly agreed to allow security").

As cited by Plaintiff in her opposition brief, "each participant [in a conspiracy] must at least share the common objective of the conspiracy." Dkt. No. 118 (quoting *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1541 (9th Cir. 1989)). In this case, the "objective" alleged by Plaintiff was "investigating election fraud claims." Dkt. No. 98 at ¶¶ 54, 62. Plaintiff may have alleged a relationship between General Flynn and Defendant Townsend regarding their shared goal of investigating election fraud, but Plaintiff has alleged nothing to suggest any agreement by General Flynn to violate Plaintiff's rights.

---

[1] It is noteworthy that this call allegedly took place on speakerphone, with Plaintiff able to hear both sides of the conversation. Plaintiff, therefore, cannot allege any inference to be drawn from an unheard side of the conversation. If General Flynn had agreed or conspired to violate Plaintiff's rights on this phone call, she could have alleged such an agreement. She did not.

Plaintiff has had numerous bites at the apple, and this Court has given generous latitude for her to assert comprehensible, legal claims. The operative complaint is Plaintiff's second attempt at a third amended complaint, and it still fails to set out *facts*—as opposed to conclusory assertions of conspiracy—to show conduct of General Flynn that could subject him to liability.

Moreover, Plaintiff's opposition brief demonstrates that any further amendment would be a waste of time, as she repeatedly meanders back into the same type of non-sequiturs and confusing conspiracy theories that have plagued each iteration of her complaint. *See, e.g.*, Dkt. No. 118 at 9, 9 n.4, 13, 14–15, 17–18, 20, 22. She repeatedly refers to actions of unspecified "defendants," plural, without specifying to whom she is referring. *See, e.g.*, Dkt. No. 118 at 19, 22, 24. She repeatedly claims to have pleaded facts which appear nowhere in her complaints. *See, e.g.* Dkt. No. 118 at 10, 17. She attributes actions to General Flynn with citations to paragraphs that refer only to Defendant Townsend (or which otherwise bear no relation to the description in her opposition brief). *See, e.g.*, Dkt. No. 118 at 10, 17, 20 n.12, 23. Plaintiff does not and cannot show facts of an agreement by General Flynn to do anything other than investigate election fraud, and does not allege any actions of General Flynn that would subject him to liability.

Plaintiff therefore has failed to meet her burden of plausibly alleging a claim for relief against General Flynn. Her Third Amended Complaint should be dismissed with prejudice.

### a. Compliance with Local Rule 12(c).

While Plaintiff complains that General Flynn did not meet and confer with her prior to filing the instant motion to dismiss, this ignores the Court's prior orders regarding her multiple deficient complaints, and the granting of extra time for General Flynn to file a motion to dismiss. *See* Dkt. Nos. 75 and 90. Not only should such a meet and confer not be required under these unique circumstances, but it would have been fruitless—as it would not have avoided motions practice—and this situation has nevertheless been cured.

On November 30, 2023, this Court raised concerns not only that Plaintiff failed to allege valid causes of action (including a valid federal claim "thereby depriving this Court of jurisdiction"), but also that "Plaintiff may be using this forum for improper purposes rather than to raise valid legal claims." Dkt. No. 75 at 1–2. The Court indicated that it would allow an

amendment "perhaps for the last time" to file the operative complaint. *Id.* at 2. Undersigned counsel met and conferred with Plaintiff, asking for an extension to file a motion to dismiss, and this Court subsequently granted that request. Dkt. No. 90. Based on the deficiencies in the Third Amended Complaint, the November 30 Order, and the general procedural posture of the case, the meet and confer requirement seemed inapplicable.

Immediately following Plaintiff's response in opposition, however, where she asserted the desire for a meet and confer, undersigned counsel reached out to Plaintiff to schedule a Rule 12(c) meeting. After exchanging several emails with Plaintiff, and having fully evaluated Plaintiff's opposition brief, undersigned counsel spoke with Plaintiff on the phone about the deficiencies of her Third Amended Complaint. Undersigned explained to Plaintiff that these legal deficiencies were fatal, and that General Flynn would not consent to amendment, especially considering the history of prior deficient complaints and that none of Plaintiff's proposed amendments or arguments would have remedied the deficiencies. Therefore, no agreement could be made as to a cure for the deficits of the operative complaint, and none could have been reached had the meeting taken place prior to filing General Flynn's motion to dismiss.

This court previously determined that "striking a motion for failure to fulfill Local Rule 12.1(c)'s 'meet and confer' requirement is unnecessary 'when the movant promptly takes active steps to cure any harm caused by the failure.'" *Nees v. City of Phoenix*, No. CV-21-01134-PHX-GMS, 2022 WL 110188, at *1 (D. Ariz. Jan. 12, 2022) (citing *Wine Educ. Council v. Ariz. Rangers*, No. CV-19-02235-PHX-SMB, 2020 WL 7352632, at *8 (D. Ariz. Dec. 15, 2020)). Moreover, this situation is far removed from a perfunctory compliance like that in *Cartessa Aesthetics LLC v. Aesthetics Biomedical Inc.*, No. CV-19-05827-PHX-DWL, 2021 WL 778541, at *3 (D. Ariz. Mar. 1, 2021). In *Cartessa*, counsel merely mentioned the issues in passing during a Friday phone call and then filed their motion to dismiss on the following Monday. *Id.*

Here, in contrast, counsel for General Flynn and Plaintiff each possessed a full outline of the issues each side presented in their respective motion and response, and Plaintiff was on notice of the defects of her pleadings from this Court's prior Order and prior motions to dismiss filed by other defendants. After full consideration, with plenty of time before this reply brief was due,

neither party was able to propose a mutually agreeable remedy to any of the deficiencies other than judicial resolution. Given the procedural posture of this case, and the history of Plaintiff's deficient complaints, no agreement would have been possible regardless.

## CONCLUSION

For the foregoing reasons, General Flynn respectfully requests that this Court dismiss Plaintiff's Third Amended Complaint, in its entirety, with prejudice.

DATED: March 25, 2024

*/s/ Shawn Flynn*
Shawn M. Flynn, *pro hac vice*
Jared J. Roberts, *pro hac vice*
Binnall Law Group, PLLC
717 King Street, Suite 200
Alexandria, Virginia 22314
Phone: (703) 888-1943
Fax: (703) 888-1930
shawn@binnall.com
jared@binnall.com

*Attorneys for Michael T. Flynn*

## CERTIFICATE OF SERVICE

I certify that on March 25, 2024, a copy of the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system, which will send a copy to all counsel of record.

*/s/ Shawn Flynn*
Shawn M. Flynn

*Attorney for Michael T. Flynn*